UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROYAL INDEMNITY CO.,           )
                               )
        Plaintiff,             )
                               )
     vs.                       )    No. 4:06-CV-499 CEJ
                               )
APEX OIL COMPANY, INC., et al.,)
                               )
        Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Apex Oil Company's motion to dismiss Royal Indemnity Company's complaint. Plaintiff has responded, and the matter is fully briefed.

**Background**

Plaintiff Royal Indemnity Company ("Royal") brings this action pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration of rights and obligations under certain insurance policies issued to defendant Apex Oil Company, Inc. ("Apex"). Between May 2003 and April 2005, five separate lawsuits against Apex were filed in state and federal courts in Illinois, relating to the release of contaminants into the soil surrounding an oil refinery in Hartford, Illinois. On August 5, 2005, Apex brought an action in the Circuit Court of Madison County, Illinois, seeking a declaration of its rights and responsibilities under policies issued by various insurance companies. On May 19, 2006, Apex amended its complaint to name Royal and other defendant insurers: American General Fire and Casualty Co. (as predecessor to Maryland Casualty Co.);

International Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; Corroon & Black of Missouri, Inc.; Frank B. Hall & Co. of Missouri, Inc.; Royal Indemnity Company; Ace Insurance Company of Illinois; and Central National Insurance Company of Omaha.

Royal brings the instant action against five of the above-listed insurance companies who had issued (or whose predecessors had issued) policies to Apex or to its predecessor, Clark Oil Company. Royal, who has been defending Apex in the underlying suits, seeks equitable contribution from the defendant insurance companies for the defense costs that Royal has incurred. Apex now moves to dismiss this lawsuit on the basis that it is duplicative of the Madison County, Illinois suit.

**Discussion**

The power of a district court to adjudicate a suit seeking a declaratory judgment is conferred by the Declaratory Judgment Act, 28 U.S.C. § 2201. That statute provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 20 U.S.C. § 2201(a). The Supreme Court has stated that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Furthermore, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the

courts rather than an absolute right upon the litigant.'" Id. at 287, citing Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952).

Defendant Apex argues that the Court should exercise its discretion and decline to hear this case because a similar case is pending in an Illinois state court. In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), the Supreme Court stated: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. The Court further instructed district courts in similar situations to "ascertain whether the questions in controversy between the parties. . . can better be settled in the proceeding pending in the state court." Id.

Apex argues that not only are the parties and issues in this suit identical to those in the Illinois suit, but this Court has recently dismissed a separate suit against Apex, brought by another defendant insurer. In National Union Fire Ins. Co. v. Apex Oil Co., Case No. 4:05-CV-2232 (JCH), (E.D. Mo. Apr. 12, 2006), Judge Hamilton of this Court determined that the declaratory judgment sought by National Union Fire Insurance Company duplicated the issues pending in the same Illinois state court suit and did not involve any issues of federal law, and found that a "declaratory judgment action in this Court serves no useful purpose. . . ." Id. at 5.

In response, Royal first argues that the discretion allowed by Wilton and Brillhart is inapplicable to this case because "[t]he discretionary standard does not apply to a federal action that, as here, includes a claim for monetary damages (e.g., contribution, subrogation, etc.) in conjunction with declaratory relief." Mem. in Opp. to Apex Oil's Mot. to Dismiss at 7. Royal's complaint clearly asserts claims based on the Declaratory Judgment Act. Compl. at 2. However, Royal now argues that its claim for equitable contribution, subrogation, and unjust enrichment removes the case from the ambit of a declaratory judgment action, and requires the Court to analyze jurisdiction under the less discretionary "extraordinary circumstances" standard. See Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976).

The Eighth Circuit has not spoken definitively on the issue of which abstention doctrine applies in a suit where the plaintiff seeks both declaratory and equitable relief. In Horne v. Firemen's Retirement System of St. Louis, 69 F.3d 233, 236 (8th Cir. 1995), the court characterized a plaintiff's duplicative federal claim for declaratory judgment and "unspecified emotional distress and attorney's fees" as essentially one for declaratory judgment, and analyzed the case under the Wilton and Brillhart standards. Id. However, the Eighth Circuit has also stated that "Brillhart applies to declaratory relief actions generally, but not to actions that, like this one, involve good faith claims for injunctive relief." Cedar Rapids Cellular Telephone, L.P. v. Miller, 280 F.3d 874, 879 (8th Cir. 2002). In doing so, the court cited Fifth Circuit

- 4 -

precedents which mandated <u>Colorado River</u> abstention analysis "when actions involve coercive relief." <u>Black Sea Inv., Ltd. v. United Heritage Corp.</u>, 204 F.3d 647, 652 (5th Cir. 2000).

Royal cites a Supreme Court case and cases from the Ninth and Fifth Circuits, arguing that the correct procedure is to apply the <u>Colorado River</u> standard to cases in which any monetary damages are sought. The cases relied on by plaintiff are not persuasive. <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996) did not address abstention based on the Declaratory Judgment Act, but rather on the doctrine developed by <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943).

In dicta, the court in <u>Government Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220 (9th Cir. 1998) stated that because "claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction," <u>id.</u> at n.6, a district court "should not, as a general rule, remand or decline to entertain the claim for declaratory relief." <u>Id.</u> at 1225. However, in <u>United Nat. Ins. Co. v. R & D Latex Corp.</u>, 242 F.3d 1102, 1112 (9th Cir. 2001), the Ninth Circuit made clear that the dicta from <u>Dizol</u> was not controlling and that in at least two other cases, "despite requests for monetary relief, the actions were primarily declaratory in nature and therefore jurisdiction remained discretionary." <u>Id.</u>

Finally, the approach taken by the Fifth Circuit, mandating <u>Colorado River</u> abstention analysis in any mixed declaratory and coercive relief action, appears to be a minority position among the

appellate and district courts which have considered this issue. The Court finds the reasoning in Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 951 (5th Cir. 1994) unpersuasive for the reasons discussed below.

Apex argues that this Court has addressed the characterization of an action as one for declaratory or coercive relief in Maritz v. Starek, 2006 WL 1026925 (E.D. Mo. Apr. 18, 2006). There, after finding that the federal and the state court cases were parallel, Judge Hamilton found that "Counts IV through VII are equitable remedies for the allegations in [the declaratory judgment count], and are thus completely dependent on the Court's ruling on [the declaratory judgment count]." Id. at *7. The judge reasoned that the claims for equitable relief were subsumed under the "further necessary or proper relief" language of 28 U.S.C. § 2202, and thus the entire complaint was "essentially one for a declaratory judgment, so Wilton applies." Id. See also Horne, 69 F.3d at 236 ("[Plaintiff's] suit is most aptly characterized as one for declaratory judgment; that is, for a declaration of his rights with respect to his continued employment *with any additional relief based on the court's decree*.") (emphasis added).

The Court agrees with the reasoning of Maritz. Here, Counts I and IV of Royal's complaint are solely for declaratory relief regarding Royal's obligations to defend Apex and the rights of all the parties in relation to each other. Counts II and III are claims for contribution and other equitable remedies, but are entirely dependent on the rights to be declared. These claims

could have been included in the prayer for further necessary or proper relief. See, e.g., Beacon Const. Co., Inc. v. Matco Elec. Co., Inc., 521 F.2d 392, 400 (2d Cir. 1975) ("It is well settled that 'further relief' may include an award for damages."); Security Ins. Co. of New Haven v. White, 236 F.2d 215, 220 (10th Cir. 1956).

This result finds support in the cases of other circuits, where district courts have used the "heart of the action" approach. In ITT Industries, Inc. v. Pacific Employers Ins. Co., 427 F. Supp. 2d 552, 556 (E.D. Pa. 2006), the court characterized the approach of courts within the Third Circuit as one that "looked to the 'heart of the action' to determine if the standard of Wilton or that of Colorado River should apply. 'If the outcome of the coercive claims hinges on the outcome of declaratory ones, Wilton's standard governs; conversely, if the opposite applies, Colorado River's standard applies.'" Id., quoting Coltec Industries Inc. v. Continental Ins. Co., 2005 WL 1126951, at *2 (E.D. Pa. 2005).

Furthermore, this test prevents the erosion of the Congressionally-granted discretion that district courts may employ in the context of declaratory judgments.

> If peripheral monetary claims could deprive district courts of the discretion granted them by the Declaratory Judgment Act to hear or not to hear what are fundamentally declaratory judgment actions, then such claims would render federal courts virtually powerless (save for the rare case in which Colorado River abstention is warranted) to avert wasteful, duplicative declaratory litigation on exclusively state law issues in federal court running alongside parallel state litigation on the same issues, with concomitant disruption to the time-honored values of federalism, comity and efficiency. Worse still, such a rule might encourage abuses, as savvy litigants would recognize that creative pleading of

> tagalong coercive claims in tandem with declaratory judgment claims was a surefire means of circumventing Wilton and preserving a federal forum, notwithstanding parallel state proceedings.

Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1237 (S.D. Ala. 2006).

The Court concludes that this case is essentially one for declaratory judgment. However, this does not end the analysis of which discretionary standard to apply, because Wilton "expressly limited its holding to those instances in which parallel proceedings are pending in state court. . . ." Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994, 996 (8th Cir. 2005). Thus, the next question is whether the state court proceedings are parallel to the federal court suit brought pursuant to the Declaratory Judgment Act. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Scottsdale, 426 F.3d at 997, citing New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 946 F.2d 1072, 1073 (4th Cir. 1991).

Apex contends that the same parties are litigating the same issues in the Illinois state court action. Royal does not refute that the underlying issues are the same, but argues that the parties are not identical. Apex filed an amended complaint in the Illinois action on May 19, 2006, and served it on Royal, Ace Insurance Company of Illinois, and Central National Insurance Company of Omaha on June 15, 2006. Royal argues that because those parties had not entered an appearance (as of July 24, 2006), they

are not parties to the case.  Royal asserts in passing that some parties "may not be amenable to process in the state court proceeding," Mem. in Opp. at 10, but offers no explanation. Furthermore, had National Union Fire Insurance Company not filed a third-party complaint against Corroon & Black of Missouri, Inc., and Frank B. Hall & Co. of Missouri, Inc., the state court action would be more comprehensive than this proceeding.  The Court finds Royal's argument as to the dissimilarity between the parties unpersuasive.  See also Proctor & Gamble Co. v. Alberto-Culver Co., 1999 WL 319224, at *3 (N.D. Ill. 1999) ("The actions need not be identical to be parallel.  Instead, they must feature substantially the same parties litigating substantially similar issues. . . . [A] plaintiff cannot control the parallel nature of concurrent proceedings simply by naming different parties in the federal case.").

Royal also argues that the issues are not the same because it has made additional equitable contribution and subrogation claims against the defendant insurers in the instant federal suit.  Not only are these the "additional remedies" which follow from the grant of declaratory judgment, but precisely identical claims are not required to create parallel actions.  Moreover, Royal is free to assert these issues in counterclaims or cross-claims.  The two suits are based on the same underlying issues and the same insurance policies, and at this point, likely contain precisely the same parties. Because the cases are parallel, the Court will apply the Wilton and Brillhart standards.

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

Brillhart, 316 U.S. at 495. A consideration of these factors favors dismissal of the instant declaratory judgment suit. The Illinois state court is entirely capable of resolving this state law matter. There is no evidence that any party in interest cannot be joined in that matter, or that adjudication of the dispute would proceed in a substantively different manner here because of defenses not available in state court. Furthermore, and significantly, there are no issues of federal law to be decided in either case. See id.

Finally, Royal argues that the first-filed rule applies to this matter. The first-filed rule applies to cases filed concurrently in federal court, not cases filed in state and federal court. See Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1004 (8th Cir. 1993). Indeed, if a first-filed rule applied to this matter, any discussion of discretionary abstention or dismissal would have been unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Apex Oil Company's motion [#55] to dismiss Royal Indemnity Company's complaint is **granted**.

**IT IS FURTHER ORDERED** that Royal's complaint is **dismissed without prejudice**. An order of dismissal in accordance with this memorandum will be entered this same date.

```
                                  _____
                                  CAROL E. JACKSON
                                  UNITED STATES DISTRICT JUDGE
```

Dated this 23rd day of August, 2006.